# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY MORRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. CARRASCO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-438 DLB PC<br><br>ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF<br><br>(Docs. 6 and 7) |

Plaintiff Sammy Morris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2009, Plaintiff filed a consent to United States Magistrate Judge jurisdiction. 28 U.S.C. §636(c). (Doc. 5).

On April 3, 2009, Plaintiff filed a motion for injunctive relief. (Doc. 6). Plaintiff states that correctional officers at R.J. Donovan Correctional Facility, where Plaintiff is currently incarcerated, are informing other inmates that Plaintiff is a snitch, thereby placing his life in danger. Plaintiff does not specify what relief he seeks.

On April 6, 2009, Plaintiff filed a second motion for injunctive relief, stating that his mother is sick and that he should be moved from a Level 4 facility to either Lancaster State Prison, a Level 3 facility, or to federal prison. Plaintiff states that he also suffers from a respiratory infection that constitutes irreparable injury. (Doc. 7).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v.

| | |
|---|---|
| 1 | Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who |
| 2 | "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, |
| 3 | or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v.</u> |
| 4 | <u>Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff |
| 5 | "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not |
| 6 | issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the |
| 7 | plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to |
| 8 | require litigation." <u>Id</u>. |

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id</u>.

In an order issued separately, the Court has screened Plaintiff's complaint and found that Plaintiff states only a cognizable claim for retaliation by defendant Rhodes for conduct occurring at California Correctional Institution - Tehachapi. The issuance of an order granting an injunction regarding the conduct of prison officials at R.J. Donovan or directing prison officials to transfer Plaintiff would not remedy any of the claims alleged in this action. The court does not and will not have jurisdiction in this action over prison officials at R. J. Donovan. Accordingly, the court lacks jurisdiction to issue such an order.

Based on the foregoing, Plaintiff's motions for an injunctive relief, filed April 3, 2009 and April 6, 2009, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated: **April 9, 2009**          **/s/ Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE

2