# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY MORRIS, | CASE NO. 1:09-cv-00438 DLB PC |
| Plaintiff, | ORDER FOLLOWING SCREENING OF FIRST AMENDED COMPLAINT |
| v. | (Doc. 12) |
| M. CARRASCO, et al., | |
| Defendants. | |
| _____/ | |

I.      **Screening Requirement**

Plaintiff Sammy Morris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 9, 2009.  On April 10, 2009, the Court issued an order finding that Plaintiff's complaint stated a claim against Defendant Rhodes for retaliation in violation of the First Amendment, but did not state claims against any of the other named defendants.  Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable.  Plaintiff filed a first amended complaint on April 28, 2009, which is now pending before the Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6         A complaint must contain "a short and plain statement of the claim showing that the pleader

7    is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

8    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

9    do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

10   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

11   factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at

12   1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal

13   conclusion are not.  Id. at 1949.

14   **II.    Plaintiff's Claims**

15        Plaintiff is presently incarcerated at Salinas Valley State Prison in Soledad, California.  The

16   events giving rise to the claim alleged against defendant Rhodes apparently occurred at California

17   State Prison - Tehachapi.  The events giving rise to the claim alleged against defendant Chief Deputy

18   Warden Contreras occurred at R. J. Donovan Correctional Facility in San Diego, California.

19        **A.    Defendant Rhodes**

20        Plaintiff alleges that in June 2007, defendant Rhodes retaliated against Plaintiff for filing a

21   citizen's complaint against him by issuing Plaintiff a Rules Violation Report for threatening an

22   inmate.

23        Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

24   the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

25   1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

26   F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

27   retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

28   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations are sufficient to state a claim against defendant Rhodes for retaliation, in violation of the First Amendment.

**B.    Defendant Contreras**

Plaintiff alleges that in response to a grievance filed by Plaintiff, steps were to be taken to clean the pipe chases and the ducts.  Plaintiff states that there are harmful contaminants and that defendant Contreras failed to ensure that any corrective action was taken.  Plaintiff alleges a violation of the Eighth Amendment.

Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

The events giving rise to Plaintiff's claims against the two named defendants appear to have occurred at different prison facilities.  Plaintiff's claim against defendant Contreras concerning his conditions of confinement at R. J. Dovovan Correctional Facility is unrelated to his claim against defendant Rhodes for retaliation.  Plaintiff is in violation of Rule 18(a). Plaintiff may not proceed with his unrelated claims against defendant Contreras in this action.

**III.    <u>Request for Equitable Relief</u>**

Plaintiff seeks an order commanding defendant Contreras to clean the ducts and the building interior of harmful contaminants.

3

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff is no longer incarcerated at R. J. Donovan Correctional Facility.  The request for a court order is disregarded as moot.

**IV.    Conclusion and Order**

Plaintiff's first amended complaint states a claim against defendant Rhodes for retaliation in violation of the First Amendment.  However, Plaintiff's claim against defendant Contreras concerning the conditions of confinement at R. J. Donovan is unrelated and cannot proceed in this action. Fed. R. Civ. P.  18(a).  Because this deficiency is not curable through amendment, the Court does not grant further leave to amend this claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY ORDERS as follows:

1.      Plaintiff's Eighth Amendment claim against defendant Contreras is dismissed, without prejudice, for violation of Rule 18(a);

2.      Defendant Contreras is dismissed from this action;

3.      Plaintiff's request for a court order is disregarded as moot; and

4.      This action shall proceed against defendant Rhodes for retaliation, in violation of the First Amendment.


IT IS SO ORDERED.

**Dated:    September 25, 2009**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE