**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY MORRIS,<br><br>                    Plaintiff,<br><br>     v.<br><br>CARRASCO, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:09-CV-00438-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br><br>(DOCS. 27, 28, 29, 39, 40, 41)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHIN TWENTY-ONE DAYS |

**<u>Order</u>**

Plaintiff Sammy Morris ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendant D. Rhodes for retaliation in violation of the First Amendment.

Pending before the Court are Plaintiff's three motions to compel, all filed September 13, 2010. Docs. 27, 28, 29. Defendant Rhodes filed his opposition on September 29, 2010. Doc. 30. Plaintiff filed his reply to Defendant's opposition on December 13, 2010. Doc. 39.

Also pending is Plaintiff's motion to stay summary judgment proceedings pending resolution of the discovery dispute, filed December 17, 2010, and Plaintiff's motion to compel, filed December 23, 2010. Docs. 40, 41. The matter is submitted pursuant to Local Rule 230(l).

//
//

1

**I.      Motion To Compel - Requests for Production[1]**

Plaintiff moves to compel further response to requests for production Nos. 1 through 15. Plaintiff contends that Defendant did not respond to any of Plaintiff's requests.

Defendant Rhodes contends that he did not respond because Plaintiff did not actually serve him with any discovery requesting production of documents. Defendant contends that Plaintiff has not submitted the discovery requests that he was supposed to send to Defendant.

A review of Plaintiff's motion indicates that Plaintiff did not submit the discovery requests that he was supposed to send to Defendant, or any evidence that he did serve Defendant with the requests for production. As there is no evidence that Defendant Rhodes was served with requests for production, Plaintiff's motion to compel further response to Plaintiff's requests for production is denied.

**II.     Motion To Compel - Interrogatories**

Plaintiff moves to compel further response to interrogatories Nos. 3, 5, 6, 7, and 10. Plaintiff contends that Defendant's responses were vague and evasive.

Defendant contends that he did not respond to the interrogatories because they were directed at non-defendants. Defendant contends that interrogatories may only be served on parties, and as a result, did not respond. Defendant includes a copy of the interrogatories in their opposition.

Having examined Plaintiff's interrogatories, the Court agrees with Defendant. Plaintiff directed interrogatories at M. Carrasco, D. Zanhi, D. Chapman, B. Stallcup, E. Salina, P. Bryant, Dr. Tongen, and D. Martinez, none of whom are Defendants in this action. Interrogatories are not a discovery device for use on non-parties. *See* Fed. R. Civ. P. 33(a) (stating that "[a] party may serve on any other *party*" up to 25 interrogatories) (emphasis added). Defendant additionally informed Plaintiff by letter that he would not be providing a response to Plaintiff's interrogatories to non-parties. Accordingly, Plaintiff's motion to compel further response to Interrogatories Nos. 3, 5, 6, 7, and 10 is DENIED.

---

[1] Plaintiff's motions at court docket Nos. 27 and 29 involve Plaintiff's request for production of documents. Both motions are about the same request, and will thus be treated as the same motion.

### III.  Motion To Reply, Construed As Motion To Modify Schedule

Plaintiff's motion to reply to Defendant's opposition contends that he needs additional time to conduct discovery in this action.  Doc. 39.  Plaintiff contends that he is a layman, is of below average education, and has a mental disability.  The Court construes this as a motion to modify the scheduling order.

Modification of the scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  Here, Plaintiff has failed to demonstrate good cause.  Plaintiff contends that his ignorance of the law led to defective discovery being propounded on non-defendants.  The Court presumes that Plaintiff refers to his interrogatories that were directed at non-defendants.  While true, this is not a sufficient excuse to demonstrate good cause.  Plaintiff was informed by Defendant that his interrogatories were defective since February of 2010.  *See* Doc. 30-1, Ex. C, Letter from Kelli Hammond to Sammy Morris, dated February 19, 2010.  Plaintiff's lack of diligence in pursuing his discovery does not merit a modification of the scheduling order for additional discovery.  Accordingly, Plaintiff's motion to modify the scheduling order, filed December 13, 2010, is DENIED.

### IV.  Motion To Stay Summary Judgment

Plaintiff moves for the Court to stay summary judgment pending adjudication of Plaintiff's discovery motions.  The Court construes this as a motion to obtain further discovery pursuant to Federal Rule of Civil Procedure 56(d).  As stated previously, Plaintiff has demonstrated no good cause for a modification of the Court's schedule, which set the discovery cut-off date for September 20, 2010.  Accordingly, based on the foregoing, Plaintiff's motion to stay summary judgment pending additional discovery is DENIED.

### V.  December 23, 2010 Motion To Compel

Plaintiff's December 23, 2010 motion to compel is DENIED as untimely.

### VII.  Plaintiff's Opposition To Summary Judgment

On December 6, 2010, Defendant filed a motion for summary judgment.  As of the date of this order, Plaintiff has yet to file an opposition.  Accordingly, the Court will order Plaintiff to serve an opposition to Defendant's motion for summary judgment within twenty-one (21) days

3

from the date of service of this order. Failure to file a timely opposition will be construed as a waiver of opposition and may result in dismissal of this action for failure to obey a court order.

The Court provides the following additional instructions for opposing a motion for summary judgment. A motion for summary judgment is a request for judgment on some or all of the plaintiff's claims in favor of the defendants without trial. Fed. R. Civ. P. 56(a). The defendants' motion will set forth the facts which the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule 260(a).

The plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, the plaintiff must show proof of his or her claims. The plaintiff may agree with the facts set forth in the defendants' motion but argue that the defendants are not entitled to judgment as a matter of law.

In the alternative, if the plaintiff does not agree with the facts set forth in the defendants' motion, the plaintiff may show the defendants' facts are disputed in one or more of the following ways: (1) the plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition *if* (a) the complaint or opposition shows that the plaintiff has personal knowledge of the matters stated and (b) the plaintiff calls to the court's attention those parts of the complaint or opposition upon which plaintiff relies; (2) the plaintiff may serve and file declarations setting forth the facts which the plaintiff believes prove the plaintiff's claims;[2] (3) the plaintiff may rely upon written records but the plaintiff must prove that the records are what the plaintiff claims they are;[3] or (4) the plaintiff may rely upon all or any part of the

---

[2] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[3] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(c).

transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should the plaintiff fail to contradict the defendants' motion with declarations or other evidence, the defendants' evidence will be taken as truth, and final judgment may be entered without a full trial.  Fed. R. Civ. P. 56(c).

If defendants file a motion for summary judgment and the plaintiff files an opposition to the motion, Local Rule 260(b) requires the plaintiff to reproduce the defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed.  If the plaintiff disputes (denies) a fact, the plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document).  Local Rule 260(b).

### VI. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions compel, filed September 13, 2010, and docketed as court docket Nos. 27, 28, and 29, are DENIED;
2. Plaintiff's motion modify the schedule, filed December 13, 2010, is DENIED;
3. Plaintiff's motion to stay summary judgment pending discovery, filed December 17, 2010, is DENIED;
4. Plaintiff's motion to compel discovery, filed December 23, 2010, is DENIED as untimely; and
5. Plaintiff is to serve and file an opposition to Defendant's motion for summary judgment within twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 18, 2011**              /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE