1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT FOR THE

8                            EASTERN DISTRICT OF CALIFORNIA

9

10  SAMMY MORRIS,                              1:09-CV-00438-DLB PC

11            Plaintiff,                       ORDER DENYING PLAINTIFF'S
                                               MOTION TO MODIFY SCHEDULING
12       v.                                    ORDER AND FOR APPOINTMENT OF
                                               COUNSEL
13  M. CARRASCO, et al.,
                                               (DOC. 34)
14            Defendants.

15  _____/

16       Plaintiff is a California state prisoner proceeding pro se in a civil rights action pursuant

17  to 42 U.S.C. § 1983.  On November 29, 2010,  plaintiff filed a motion to modify the scheduling

18  order, and to appoint counsel.  Doc. 34.  Plaintiff requests a modification as to the discovery

19  and dispositive motion deadlines.

20       Modification of a court's schedule requires a showing of good cause.  Fed. R. Civ. P.

21  16(b)(4).  Here, Plaintiff has failed to demonstrate good cause.  Plaintiff contends that he is a

22  layman, has below average education, and suffers from a mental disability.  The Court does not

23  find these reasons to be sufficient, as Plaintiff has demonstrated that he can adequately

24  articulate his claims.  Plaintiff contends that he erroneously propounded discovery on non-

25  defendants.  However, Plaintiff was made aware of this error in February of 2010.  *See* Def.'s

26  Opp'n, Doc. 30-1, Ex. C., Letter from Kelli Hammond to Sammy Morris, dated February 19,

27  2010.  There is no demonstration of good cause, and the Court denies Plaintiff's motion to

28  modify the scheduling order.

As to Plaintiff's request for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

Accordingly, based on the foregoing, Plaintiff's motion to modify the scheduling order and for appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:   January 18, 2011**                    /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE