# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY MORRIS, | CASE NO. 1:09-CV-00438-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN FULL |
| v. | |
| M. CARRASCO, et al., | (DOC. 36) |
| Defendants. | CLERK OF THE COURT DIRECTED TO CLOSE THIS ACTION |
| _____ / | |

**I.   Background**

    Plaintiff Sammy Morris ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed April 27, 2009, against Defendant D. Rhodes for retaliation in violation of the First Amendment.  Pending before the Court is Defendant's motion for summary judgment, filed December 6, 2010.  Defs.' Mot. Summ. J., Doc. 36.  Plaintiff filed his opposition on February 2, 2011.[1]  Pl.'s Opp'n, Doc. 44.  No reply was timely filed.  The matter is submitted pursuant to Local Rule 230(l).

---

[1] Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order on October 14, 2009.  Second Informational Order, Doc. 17; *see Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988).

1

II. **Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2] Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the

---

[2] The Federal Rules of Civil Procedure were updated effective December 1, 2010.

suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

///

///

## III. Statement Of Facts[3]

At all times relevant to this action, Plaintiff was a state prisoner in the custody of the CDCR and housed at the California Correctional Institution ("CCI"), in Tehachapi, California. At all times relevant to this action, Defendant Rhodes was employed by the CDCR at CCI and held the position of Correctional Counselor.

On March 28, 2007, Plaintiff was placed in the Behavior Management Unit ("BMU") based on his repeated violations for indecent exposure. Plaintiff had received a disciplinary violation for indecent exposure on December 12, 2006, with ten previous violations for the same offense.

The BMU is a program designed to modify the behavior of recalcitrant inmates, to eliminate and reduce the opportunity for an inmate to repeat the behavior, and to provide nondisruptive inmates the ability to program without continual disruption. Once an inmate is placed in the BMU, the classification committee conducts an assessment and develops a training plan for the inmate. Inmates housed within the BMU are expected to meet the requirements of the training plan and to remain disciplinary free. Inmates who complete the requirements of their training plans are eligible to advance to the next step of the BMU program. Upon completing the three required steps, inmates are returned to the general population.

On June 27, 2007, Plaintiff appeared before the inmate classification committee. Dr. Pennington had advised the committee that Plaintiff's mental condition did not require Plaintiff to be assigned to single cell status. The committee advised Plaintiff that his cell status was changing from single to double cell status.

---

[3] All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff does not provide a list of facts with which he admits or denies. Plaintiff's verified complaint and opposition may be treated as an opposing affidavit to the extent that they are verified and ses forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399 1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197 98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving Defendant's motion for summary judgment.

4

Upon hearing that his cell status was changing, Plaintiff advised the committee that "I will hurt another inmate if you double cell me." Plaintiff was not exhibiting any signs of unusual behavior during the hearing, but a chrono in Plaintiff's central file, dated December 14, 2006, noted that Plaintiff was placed on single cell status pending a mental health screening after claiming that he might hurt someone.

On June 27, 2007, Defendant Rhodes issued Plaintiff a disciplinary violation for threatening an inmate. Plaintiff was placed in administrative segregation the same day. The hearing on the disciplinary violation was held on August 6, 2007. Lieutenant Gonzales read the charges to Plaintiff, who then pled not guilty. Plaintiff was allowed to make a statement and told the hearing officer that "I graduated from the BM[U] and Captain Zanchi told me that I was single cell status GP [general population]. Next thing I know I was rolled up and placed in administrative segregation. I feel this is reprisal for a citizen's complaint I filed against CCI Rhodes."

During the hearing Plaintiff called as witnesses Defendant Rhodes, Captain Zanchi, and Dr. Pennington. Dr. Pennington reiterated his opinion that Plaintiff was not restricted from double cell housing. Captain Zanchi advised the hearing officer that it was his decision to place Plaintiff into administrative segregation for making threatening statements during the committee hearing back in June 2007.

The Senior Hearing Officer then asked Plaintiff whether he could double cell with any other inmate. Plaintiff responded, "I want to be by myself, I feel like what I said in the chrono." Plaintiff was found not guilty of a division E offense, but was found guilty of violating Director's Rule 3005(a), a division F offense.

During his deposition testimony, Plaintiff claimed that he filed a citizen's complaint against Defendant Rhodes. Plaintiff provided the court reporter with a copy of the citizen's complaint dated August 9, 2007.[4] When asked if the staff complaint, dated August 9, 2007, was

---

[4] Plaintiff contends that he had filed two complaints against Defendant Rhodes, one of which was allegedly filed on May 8, 2007. Pl.'s Opp'n 4. The Court was able to locate only one document regarding this. See Pl.'s Compl., Ex. A, Citizens' Compl., Doc. 1. That document indicated that while Plaintiff complained of an incident on May 10, 2007, he did not formally file the complaint until August 9, 2007.

the basis for his retaliation claim against Defendant Rhodes, Plaintiff responded in the affirmative.[5]

### III. Analysis

#### A. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Defendant contends that she authored the disciplinary violation to advance a legitimate penological goal, and that there was no causal link between Plaintiff's protected conduct and Defendant's alleged retaliatory act. Def.'s Mem. P. & A. Support Mot. Summ. J. 5:5-6:21.

Here, Defendant authored the disciplinary violation because Plaintiff expressed that he would hurt a cell mate if double celled. Plaintiff was found suitable for double cell housing, and is subject to discipline for refusal. This reasonably advances a legitimate correctional goal. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (preservation of internal order and discipline and maintaining institutional security).

The alleged retaliatory act by Defendant Rhodes was not because of Plaintiff's protected

---

[5] Plaintiff contends that he was subsequently transferred to R.J. Donovan Facility ("RJD"). Pl.'s Opp'n 7. Plaintiff appeared before the RJD institutional classification committee regarding his placement in administrative segregation for an RVR dated September 28, 2007. Plaintiff complains that RJD staff repeatedly tried to contact CCI staff regarding the RVR, but received no response. Plaintiff was subsequently retained in administrative segregation for additional time pending the outcome of the RVR. However, this RVR was for indecent exposure. It does not concern a claim in this action.

Plaintiff contends that Defendant Rhodes was responsible for Plaintiff's central file, and for ensuring that all disciplinary reports and related matters were properly processed. Pl.'s Opp'n 8 9. That is not a claim before this Court. Plaintiff's only claim in this action concerns the June 26, 2007 RVR authored by Defendant Rhodes allegedly in retaliation for Plaintiff filing a citizens' complaint. *See* Screening Order, Doc. 14; First Am. Compl., Doc. 12.

1 conduct. The protected conduct Plaintiff cites is a citizens' complaint he filed against Defendant
2 Rhodes. However, a review of the filings before the Court indicates that Plaintiff filed the
3 citizens' complaint on August 9, 2007. The alleged retaliatory conduct by Defendant Rhodes,
4 the CDC 115 Rules Violation Report, was authored on June 27, 2007. Thus, Defendant
5 Rhodes's authoring the June 27, 2007 RVR could not have been retaliation because of Plaintiff's
6 citizens' complaint. Accordingly, there is no genuine dispute of material fact remaining in this
7 action. Defendant Rhodes is entitled to summary judgment as a matter of law.

### B. Qualified Immunity

Defendant also contends entitlement to qualified immunity. Because the Court finds that Defendant Rhodes is entitled to summary judgment as a matter of law, the Court declines to address Defendant's qualified immunity argument.

### IV. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that Defendant Rhodes's motion for summary judgment, filed December 6, 2010, is GRANTED in full. The Clerk of the Court is directed to enter judgment for Defendant and against Plaintiff.

IT IS SO ORDERED.

Dated:   **May 24, 2011**          /s/ **Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE